Laura Smith (ARDC 6300907)
Laura@ChildrensLegalCenterChicago.org
Children's Legal Center
1100 W Cermak Rd., Suite 422
Chicago, Illinois 60608
(312) 722-6642

*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **D.E.C.T.** | ) | Case No. 1:25-cv-12463 |
| | ) | |
| Petitioner, | ) | |
| | ) | **PETITION FOR WRIT OF** |
| v. | ) | **HABEAS CORPUS** |
| | ) | |
| **MICHAEL J SMITH**, Warden, Broadview | ) | |
| Processing Center; **LADEON FRANCIS,** Director | ) | |
| of Chicago Field Office, | ) | **ORAL ARGUMENT** |
| U.S. Immigration and Customs Enforcement; | ) | **REQUESTED** |
| **KRISTI NOEM,** Secretary of the U.S. Department | ) | |
| of Homeland Security; and **PAMELA BONDI,** | **)** | |
| Attorney General of the United States, | ) | |
| in their official capacities, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

1

**INTRODUCTION**

This is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2241 on behalf

of H.G.V.U., a native and citizen of Ecuador, by and through hER attorneys, seeking relief to

remedy hER unlawful detention by Respondents.

On or about January 2025 Petitioner entered the U.S. with her 3-year old child. Petitioner

encountered immigration, expressed fear of return to Ecuador and was with an electronic tag into

the United States. Petitioner has not yet filed for asylum and the 1-year deadline to file for

asylum has not passed.

On October 10, 2025, individuals from the Immigration and Customs Enforcement

Agency (ICE) arrested Petitioner in Chicago Illinois. On October 10, 2025 Respondents

transported Petitioner to Broadview Processing Center in Broadview, Illinois. DHS has not yet

initiated removal proceedings with the Executive Office of Immigration Review (EOIR or

"Immigration Court").

Upon information and belief, in the morning of October 11, 2025 Petitioner contacted her

family from the Broadview Detention Center where she was still being held by Respondents.

Upon information and belief, at the time of filing this Petition, Respondent is at the Broadview

Processing Center.

**CUSTODY**

1.      At the time of filing this action, Petitioner was in the physical custody of

Respondent Ladeon Francis, Director of Chicago Field Office, U.S. Immigration and Customs

Enforcement (ICE); the Department of Homeland Security (DHS); and Respondent Michael J.

Smith, Warden of Broadview Processing Center (BPC) in Broadview, Illinois.  Upon

information and belief, as of the date of filing these proceedings, October 11, 2025, Petitioner

was detained at BPC in Broadview, Illinois. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

3. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause), and the Fifth Amendment to the United States Constitution (Due Process Clause).

4. This Court has jurisdiction under 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States.

5. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All-Writs Act, 28 U.S.C. § 1651.

## VENUE

6. Venue is proper because on the date of filing this action on October 11, 2025, Petitioner is detained at Broadview Processing Center in Broadview, Illinois, which is within the jurisdiction of this District. If venue is proper at the time of filing, the district court will retain jurisdiction even if DHS subsequently transfers the petitioner to another district. *See Ex Parte Endo*, 323 U.S 283, 304-05 (1944) (rejecting mootness after transfer because "there is no suggestion that there is no one within the jurisdiction of the District Court who is responsible for the detention of appellant and who would be an appropriate respondent"); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) ("[T]he District Court retained jurisdiction following Argueta's transfer out of New Jersey because it already

had acquired jurisdiction over Argueta's properly filed habeas petition that named his then-immediate custodian.").

7.    Venue is proper in this District because Respondents are officers, employees, or agencies of the United States and a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District and Petitioner resides in this District and no real property is involved in this action.  28 U.S.C. § 1391(e).

**REQUIREMENTS OF 28 U.S.C. § 2243**

8.    The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243.  If an order to show cause is issued, the Court must require Respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

9.    Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention.  The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

**PARTIES**

10.    Petitioner is a resident in Illinois and a native of Ecuador. At the time of her arrest, Petitioner resided in Chicago, Illinois.  At the time of filing these proceedings, Petitioner was in the custody, and under the direct control, of Respondents and their agents at Broadview Processing Center in Broadview, Illinois.

11.    Respondent Michael J. Smith is the Warden of Broadview Processing Center and has immediate physical custody of Petitioner pursuant to the facility's contract with ICE to

4

detain noncitizens.  Petitioner is in the legal custody of Respondent Smith.

12.     Respondent Ladeon Francis is sued in his official capacity as the Director of the Chicago Field Office of U.S. Immigration and Customs Enforcement.  Respondent Francis was a legal custodian of Petitioner at the time of filing this action and had authority to release him.

13.     Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS).  In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention and custody.  Respondent Noem is a legal custodian of Petitioner.

14.     Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

## STATEMENT OF FACTS

15.     On or about January 2025 Petitioner entered the U.S. with her 3-year old child. Petitioner encountered immigration, expressed fear of return to Ecuador and was with an electronic tag into the United States.

16.     Petitioner has not yet filed for asylum and the 1-year deadline to file for asylum has not passed.

17.     On October 10, 2025, individuals from the Immigration and Customs Enforcement Agency (ICE) arrested Petitioner in Chicago, Illinois. On October 10, 2025 Respondents transported Petitioner to Broadview Processing Center in Broadview, Illinois.

18.     Upon information and belief, following Petitioner's arrest, ICE issued a custody

determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions.

19.     DHS has not yet initiated removal proceedings against Petitioner.

20.     Pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 2016 (BIA 2025)*,* the immigration judge is unable to consider Petitioner's bond request.

21.     As a result, Petitioner remains in detention. Without relief from this court, he faces the prospect of months, or even years, in immigration custody, separated from his family and community.

## LEGAL FRAMEWORK

22.     Pursuant to 28 U.S.C. § 2243, the Court either must grant the instant petition for writ of habeas corpus or issue an order to show cause to Respondents, unless Petitioner is not entitled to relief.  If the Court issues an order to show cause, Respondents must file a response "within *three days* unless for good cause additional time, *not exceeding twenty days*, is allowed." 28 U.S.C. § 2243 (emphasis added).

23.     "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

24.     This fundamental due process protection applies to all noncitizens, including both removable and inadmissible noncitizens. *See id.* at 721 (Kennedy, J., dissenting) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary or capricious.").  It also protects noncitizens who have been ordered removed from the United States and who face continuing detention. *Id.* at 690.

6

25.     Furthermore, the INA prescribes the basic forms of detention for the vast majority of noncitizens in removal proceedings.

26.     First, 8 U.S.C. §1226 authorizes the detention of noncitizens in standard removal proceedings before an Immigration Judge. *See* 8.U.S.C. § 1229a. Individuals in § 1226 detention are generally entitled to a bond hearing at the outset of their detention. *See* 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention. *See* 8 U.S.C. § 1226(c).

27.     Second, the INA provides mandatory detention for noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under §1225(b)(2).

28.     Last, the INA also provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings. *See* 8 U.S.C. § 1231(a)-(b).

29.     This case concerns the detention provisions at §§ 1226(a) and 1225(b)(2).

30.     The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226(a) was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

31.     Following the enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without inspection were not considered detained under § 1225 and that they were instead detained under § 1226(a). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

32.     Thus, in the decades that followed, most people who entered without inspection

7

and were placed in standard removal proceedings received bond hearings, unless their criminal

history rendered them ineligible pursuant to 8 U.S.C. § 1226(c). That practice was consistent

with many more decades of prior practice, in which noncitizens who were not deemed "arriving"

were entitled to a custody hearing before an IJ or other hearing officer. See 8 U.S.C. § 1252(a)

(1994); see also H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply

"restates" the detention authority previously found at § 1252(a)).

33.    On July 8, 2025, ICE, "in coordination with" DOJ, announced a new policy that

rejected well-established understanding of the statutory framework and reversed decades of

practice.

34.    The new policy, entitled "Interim Guidance Regarding Detention Authority for

Applicants for Admission," claims that all persons who entered the United States without

inspection shall now be subject to mandatory detention provision under § 1225(b)(2)(A). The

policy applies regardless of when a person is apprehended, and affects those who have resided in

the United States for months, years, and even decades.

35.    On September 5, 2025, the BIA adopted this same position in a published

decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 2016 (BIA 2025). There, the Board held that

all noncitizens who entered the United States without admission or parole are subject to

detention under § 1225(b)(2)(A) and are ineligible for IJ bond hearings.

36.    Since Respondents adopted their new policies, dozens of federal courts have

rejected their new interpretation of the INA's detention authorities. Courts have likewise

rejected *Matter of Yajure Hurtado*, which adopts the same reading of the statute as ICE.

37.    Subsequently, court after court has adopted the same reading of the INA's

detention authorities and rejected ICE and EOIR's new interpretation. See, e.g., Gomes v. Hyde,

No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); Diaz Martinez v. Hyde,

No. CV 25-11613-BEM, --- F. Supp. 3d ----, 2025 WL 2084238 (D. Mass. July 24, 2025);

Rosado v. Figueroa, No. CV 25-02157 PHX DLR (CDB), 2025 WL 2337099 (D. Ariz. Aug. 11,

2025), report and recommendation adopted, No. CV-25-02157-PHX-DLR (CDB), 2025 WL

2349133 (D. Ariz. Aug. 13, 2025); Lopez Benitez v. Francis, No. 25 CIV. 5937 (DEH), 2025

WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, No. 0:25-cv-03142-SRN-SGE,

2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, No. 5:25-cv-01789-

ODW (DFMx), 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Romero v. Hyde, No. 25-11631

BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); Samb v. Joyce, No. 25 CIV. 6373 (DEH),

2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Ramirez Clavijo v. Kaiser, No. 25-CV-06248-

BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); Leal-Hernandez v. Noem, No. 1:25-cv-

02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); Kostak v. Trump, No. 3:25-cv-01093-

JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); Jose J.O.E. v. Bondi, No. 25-CV-3051

(ECT/DJF), --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025) Lopez-Campos v.

Raycraft, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025);

Vasquez Garcia v. Noem, No. 25-cv-02180-DMS-MM, 2025 WL 2549431 (S.D. Cal. Sept. 3,

2025); Zaragoza Mosqueda v. Noem, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530

(C.D. Cal. Sept. 8, 2025); Pizarro Reyes v. Raycraft, No. 25-CV-12546, 2025 WL 2609425

(E.D. Mich. Sept. 9, 2025); Sampiao v. Hyde, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D.

Mass. Sept. 9, 2025); see also, e.g., Palma Perez v. Berg, No. 8:25CV494, 2025 WL 2531566, at

*2 (D. Neb. Sept. 3, 2025) (noting that "[t]he Court tends to agree" that § 1226(a) and not §

1225(b)(2) authorizes detention); Jacinto v. Trump, No. 4:25-cv-03161-JFB-RCC, 2025 WL

2402271 at *3 (D. Neb. Aug. 19, 2025) (same); Anicasio v. Kramer, No. 4:25-cv-03158-JFB-

RCC, 2025 WL 2374224 at *2 (D. Neb. Aug. 14, 2025) (same).

      38.     Courts have uniformly rejected DHS's and EOIR's new interpretation because it

defies the INA. As the *Rodriguez Vazquez* court and others have explained, the plain text of the

statutory provisions demonstrates that § 1226(a), not § 1225(b), applies to people like Petitioner.

39.     Section 1226(a) applies by default to all persons "pending a decision on whether

the [noncitizen] is to be removed from the United States." These removal hearings are held

under § 1229a, to "decid[e] the inadmissibility or deportability of a[] [noncitizen]."

40.     The text of § 1226 also explicitly applies to people charged as being inadmissible,

including those who entered without inspection. See 8 U.S.C. § 1226(c)(1)(E). Subparagraph

(E)'s reference to such people makes clear that, by default, such people are afforded a bond

hearing under subsection (a). As the *Rodriguez Vazquez* court explained, "[w]hen Congress

creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions,

the statute generally applies." *Rodriguez Vazquez*, 779 F. Supp. 3d at 1257 (citing *Shady Grove*

*Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 400 (2010)); *see also Gomes*, 2025

WL 1869299, at *7.

41.     Section 1226 therefore leaves no doubt that it applies to people who face charges

of being inadmissible to the United States, including those who are present without admission.

42.     By contrast, § 1225(b) applies to people arriving at U.S. ports of entry or who

recently entered the United States. The statute's entire framework is premised on inspections at

the border of people who are "seeking admission" to the United States. 8 U.S.C. §

1225(b)(2)(A). Indeed, the Supreme Court has explained that this mandatory detention scheme

applies "at the Nation's borders and ports of entry, where the Government must determine

whether a[] [noncitizen] seeking to enter the country is admissible." Jennings v. Rodriguez, 583

U.S. 281, 287 (2018).

43.     Accordingly, the mandatory detention provision of § 1225(b)(2)(A) does not

apply to people like Petitioner, who have already entered and were residing in the United States

at the time they were apprehended.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

44.     The allegations in the above paragraphs are realleged and incorporated herein.

45.     Petitioner's detention violates her right to substantive and procedural due process guaranteed by the Fifth Amendment of the U.S. Constitution.

46.     The Fifth Amendment of the U.S. Constitution guarantees that "no person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. This protection applies to both citizens and non-citizens within the United States.

47.     For these reasons, Petitioner's arrest and detention violates the Due Process Clause of the Fifth Amendment.

### COUNT TWO
### Violation of the INA

48.     The allegations in the above paragraphs are realleged and incorporated herein.

49.     Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). As Petitioner has been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents, Petitioner is therefore eligible for a bond hearing under 8 U.S.C. § 1226(a). For these reasons, Petitioner's detention violates 8 U.S.C. § 1229a(b)(1)(B).

### COUNT THREE
### Violation of the Administrative Procedures Act – 5 USC § 553

50.     The allegations in the above paragraphs are realleged and incorporated herein.

51.     The APA provides that a person who is "suffering [a] legal wrong because of agency action," or who is "adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof." 5 USC § 702.

52.     "[A]gency action" is defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 USC § 551(13).

53.     A government agency must follow notice-and-comment rulemaking procedures for policy changes unless an exception applies. 5 USC § 553.

54.     Additionally, policy changes must not be arbitrary and capricious. 5 USC § 553.

55.     The July 8, 2025 policy change by DOJ did not go through notice and comment.

56.     The July 8, 2025 policy change by DOJ is arbitrary and capricious.

57.     Therefore, the Respondents' action violated the APA.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, INA and the APA.

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner on her own recognizance or under parole, and, in the alternative, order the Immigration Court to give Petitioner a bond hearing;

(5) Declare that Petitioner's detention is unlawful;

(6) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act

("EAJA"), as amended, 28 U.S.C> § 2412, and on any other basis justified under law;

and

(7) Grant any further relief this Court deems just and proper.

Dated: October 11, 2025                         Respectfully submitted,


                                                /s/_____Laura Smith_____
                                                        Laura Smith

Laura Smith/ARDC 6300907
Laura@childrenslegalcenterchicago.org
Children's Legal Center
1100 W Cermak Rd., Suite 422
Chicago, Illinois 60608
312-722-6642

*Attorneys for Petitioner*

13

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, D.E.C.T. and submit this verification on her behalf.  I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 11th day of October, 2025.

/s/_____Laura Smith_____
        Laura Smith
        ARDC 6300907
        Children's Legal Center
        1100 W Cermak Rd., Suite 422
        Chicago, Illinois 60608